FILED

2016 APR 29 PM 3:32

CLERK US DISTRICT COURT
MIDDLE DISTRICT
ORLANDO, FL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JASMINE TAYLOR,

    Plaintiff,

vs.

REGIONAL ACCEPTANCE CORPORATION,

    Defendant.
_____/

CASE NO. 6:16-CV-741-ORL-18-KRS

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, JASMINE TAYLOR ("Plaintiff"), alleges the following Complaint against Defendant, REGIONAL ACCEPTANCE CORPORATION ("Defendant"):

1. This is an action for damages for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA").

## PARTIES

2. Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(2).

3. Defendant is a foreign company with its principal place of business in North Carolina. Defendant has a registered agent located in the state of Florida, and the actions forming the basis of this Complaint took place at Plaintiff's home location in this district.

4. Defendant is a "person" subject to regulation under Fla. Stat. § 559.72.

5. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (407-XXX-3944), and was the called party and recipient of Defendant's autodialer calls.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 for the TCPA claim, and should exercise supplemental jurisdiction over the state FCCPA claims pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related so as to form part of the same case or controversy.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the acts giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

8. Plaintiff allegedly was a co-signor on a debt with Defendant (hereinafter "Subject Debt").

9. The Subject Debt is considered a "consumer debt" as defined by the FCCPA, as it constitutes an obligation for the payment of money arising out of a transaction in which the money and/or services which was the subject of the transaction was primarily for Plaintiff's personal, family, or household purposes.

10. At some point in or around January, 2016, Defendant began a campaign of harassing and abusive efforts to collect the Subject Debt allegedly owed by Plaintiff.

11. On January 28, 2016, at approximately 12:13 p.m., Defendant called Plaintiff's cellular phone and the following conversation occurred:

> Plaintiff answered her cell phone and an automated message began to play. She was connected with Defendant's representative, "Heather", who asked to verify her address and stated January's payment was due. Heather asked if Plaintiff's phone number was a good contact number and Plaintiff told her no, it was her cell phone. Plaintiff then stated to do not call because she could not pay the debt (something similar to this effect).

12. Disregarding Plaintiff's request, Defendant called her cell phone on the following dates and times:

a. 1/28/16 at 1:07 pm
b. 1/29/16 at 12:06 pm
c. 1/30/16 at 4:09 pm
d. 2/1/16 at 11:17 am
e. 2/1/16 at 2/1/16 pm
f. 2/2/16 at 10:49 am
g. 2/3/16 at 10:44 am
h. 2/4/16 at 10:41 am
i. 2/5/16 at 2:51 pm
j. 2/6/16 at 10:26 am
k. 2/7/16 at 2:45 pm
l. 2/8/16 at 9:52 am
m. 2/8/16 at 8:39 pm
n. 2/9/16 at 9:45 am
o. 2/9/16 at 8:40 pm
p. 2/10/16 at 8:24 pm
q. 2/11/16 at 10:02 am
r. 2/11/16 at 8:34 pm
s. 2/12/16 at 10:16 am
t. 2/13/16 at 9:52 am
u. 2/13/16 at 7:15 pm
v. 2/14/16 at 5:29 pm
w. 2/15/16 at 10:07 am
x. 2/15/16 at 8:46 pm
y. 2/17/16 at 10:54 am
z. 2/17/16 at 8:36 pm
aa. 2/18/16 at 9:49 am
bb. 2/22/16 at 9:44 am
cc. 2/23/16 at 9:41 am
dd. 2/23/16 10:42 am
ee. 2/24/16 at 9:42 am
ff. 2/25/16 at 9:37 am
gg. 2/26/16 at 10:10 am
hh. 2/27/16 at 9:55 am
ii. 3/1/16 at 9:44 am
jj. 3/1/16 at 8:27 pm
kk. 3/2/16 at 9:42 am
ll. 3/3/16 at 9:37 am
mm. 3/3/16 at 10:38 am
nn. 3/4/16 at 9:42 am
oo. 3/4/16 at 10:46 am
pp. 3/4/16 at 4:22 pm
qq. 3/5/16 at 9:35 am
rr. 3/6/16 at 6:31 pm
ss. 3/7/16 at 10:42 am
tt. 3/7/16 at 8:29 pm

| | |
|---|---|
| uu. | 3/8/16 at 9:42 am |
| vv. | 3/8/16 at 8:25 pm |
| ww. | 3/11/16 at 6:52 pm |
| xx. | 3/12/16 at 6:52 pm |
| yy. | 3/13/16 at 4:41 pm |
| zz. | 3/13/16 at 7:04 pm |
| aaa. | 3/14/16 at 10:34 am |
| bbb. | 3/16/16 at 12:17 pm |
| ccc. | 3/18/16 at 11:39 am |
| ddd. | 3/19/16 at 10:04 am |
| eee. | 3/19/16 at 6:42 pm |
| fff. | 3/20/16 at 5:38 pm |
| ggg. | 3/20/16 at 6:53 pm |
| hhh. | 3/22/16 at 2:54 pm |
| iii. | 4/10/16 at 4:20 pm |
| jjj. | 4/10/16 at 4:21 pm |
| kkk. | 4/10/16 at 7:18 pm |
| lll. | 4/11/16 at 3:08 pm |
| mmm. | 4/12/16 at 1:32 pm |
| nnn. | 4/12/16 at 8:29 pm |
| ooo. | 4/13/16 at 8:34 pm |
| ppp. | 4/14/16 at 8:34 pm |
| qqq. | 4/19/16 at 4:12 pm |

13. During the February 27, 2016 call, Plaintiff informed Defendant that she could not make payment and requested Defendant to stop calling her cell phone.

14. During the March 3, 2016 call at 10:38 a.m., Plaintiff informed Defendant that she could not make payment and requested Defendant to stop calling her cell phone.

15. Defendant routinely used an automatic telephone dialing system ("ATDS") to call Plaintiff on her cellular phone, for which Plaintiff was charged, without Plaintiff's prior express consent, and after Plaintiff demanded that Defendant stop calling her cellular phone.

16. As evidence, Plaintiff would answer some of Defendant's calls and no one would answer when Plaintiff stated "hello". Defendant would then terminate the call.

17. Further, Defendant left pre-recorded messages on Plaintiff's voicemail.

18. Further, Defendant has a corporate policy to use an ATDS and has numerous other federal lawsuits pending against them alleging similar violations and facts as stated in this complaint.

19. Despite Plaintiff informing the Defendant for her reasons of non-payment towards the Subject Debt the Defendant continued its efforts to try and collect the Subject Debt from Plaintiff. As a result, the Defendant's subsequent attempts to persuade Plaintiff were made with the intent to simply exhaust Plaintiff's will and harass Plaintiff.

20. The above-referenced conduct was a willful attempt by Defendant to engage in conduct which was reasonably expected to abuse or harass Plaintiff. Defendant's conduct has caused Plaintiff significant anxiety, emotional distress, frustration, and anger.

## COUNT I

### VIOLATIONS OF THE TELEPHONE COMSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

21. Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint as though fully stated herein.

22. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ..." 47 U.S.C. § 227(b)(1)(A)(iii).

23. The Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

24. These calls were made without regard to whether or not the Defendant had first obtained express permission from Plaintiff to make such calls. In fact, the Defendant did not have

prior express consent to call Plaintiff's cellular telephone number. As such, the Defendant's calls were willful or knowing. *See* 47 U.S.C. § 312(f)(1).

25. As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

26. Because the Defendant knew that Plaintiff revoked any prior express consent to receive their autodialed and prerecorded voice calls to her cellular telephone – and /or willfully used an automatic telephone dialing system and/or prerecorded voice message to call Plaintiff's cellular telephone- Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

## COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT
### FLORIDA STATUTES § 559.55 *et seq.*

27. Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of Defendant constitute a violation of the FCCPA:

    a. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

29. As a result of Defendant's violation of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for violation of the FCCPA, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for actual and statutory damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

/s/ *Jon P. Dubbeld*
Jon P. Dubbeld, Esq.
Fla. Bar No. 105869
Jon@berkmyer.com
Berkowitz & Myer
2820 1st Avenue North
St. Petersburg, Florida 33713
(727) 344-0123(office)
*Attorneys for Plaintiff*